IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Walker,                                    )<br>                                                              )<br>                    Petitioner,         )<br>                                                              )<br>   vs.                                                    )<br>                                                              )<br> United States of America and Travis   )<br> Bragg, Warden, FCI Bennettsville,    )<br>                                                              )<br>                    Respondent.      )<br>_____)   | C/A No.: 2:15-1064-TLW-MGB<br><br><br>REPORT AND RECOMMENDATION |

Timothy Walker ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.      Factual and Procedural Background

Petitioner entered a guilty plea in the United States District Court for the District of South Carolina to one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. [ECF No. 1 at 2]. Petitioner was sentenced on April 15, 2014, to two years incarceration, followed by one year of supervised release. *See United States v. Walker*,

No. 3:13-CR-556-TLW (D.S.C. Apr. 21, 2014), ECF No. 56.[1] The court also ordered Petitioner to pay restitution in the amount of $21,527.86 in monthly payments of $300.00 to commence 30 days after release from imprisonment to a term of supervision. *Id.* Petitioner did not file a direct appeal or a motion to vacate his sentence pursuant to 28 U.S.C § 2255. [ECF No. 1 at 3–4]. In this instant petition, Petitioner argues that "the court's decision to require Petitioner [to pay] $300.00 monthly toward his restitution obligation without considering whether he can do so and still meet his other necessary financial needs amounts to an abuse of discretion." [ECF No. 1-1 at 4]. Petitioner also argues that he was denied effective assistance of counsel and alleges that he is entitled to offset any proceeds derived from property forfeited against the amount of restitution ordered. [ECF No. 1 at 8–9]. Petitioner requests that his current schedule of restitution payments of $300 per month be vacated, that he be ordered to pay restitution in nominal periodic payments, and that the net proceeds realized from the forfeiture of the Nissan X-Terra be applied to reduce his restitution obligation. *Id.* at 9–10.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Petitioner filed this petition pursuant to 28 U.S.C. § 2241 and asks the court to vacate the schedule of restitution payments imposed at his sentencing. [ECF No. 1]. Although a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence, Petitioner's arguments address the sentence as imposed. Accordingly, his claims  are not cognizable under § 2241. *See*

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

*Martin v. U.S.*, No. Civ. A. 1:03CV213, 2006 WL 231485 at *3 (N.D.W.Va. Jan. 31, 2006) (noting that, while a challenge to the execution of a restitution order may be reviewed under § 2241, a challenge to the sentencing court's imposition of restitution is not cognizable under that statute); *see also, Arnaiz v. Warden, Federal Satellite Low*, 594 F.3d 1326, 1329 (11th Cir. 2010). Instead, challenges to the validity of a restitution order should be raised on direct appeal. *U.S. v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999); *Dobbins v. Deboo*, Civil Action No. 2:09cv64, 2009 WL 3584004 at *5 (N.D.W.Va. Oct. 28, 2009). Petitioner, however, has waived his right to file an appeal. *See United States v. Walker*, No. 3:13-CR-556-TLW (D.S.C. Apr. 21, 2014), ECF No. 54.

The court recognizes that, while restitution is part of an inmate's sentence, a motion under § 2255 "may not be used for the sole purpose of challenging fines or restitution orders." *U.S. v. Hudgins*, 201 F. App'x. 142, 143 (4th Cir. 2006) (citing *U.S. v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (collecting cases)); *U.S. v. Fabian*, Civil No. CCB–09–2810, Crim. No. CCB–07–0355, 2011 WL 2791085 at *30 (D.Md. July 14, 2011) (collecting cases). As § 2255 is an inappropriate avenue for challenging a restitution order, Petitioner may be alleging that he satisfies the mandates of the § 2255 "savings clause,"[3] which allows a petitioner to proceed under § 2241 if he can

---

[3] An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).

demonstrate that the remedy allowed under § 2255 is inadequate or ineffective to test the legality of his detention. *See U.S. v. Poole*, 531 F.3d 263, 267 n.6 (4th Cir. 2008). However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). Petitioner provides no allegations which undermine the validity of his criminal conviction. Instead, Petitioner's sole challenge is to the restitution portion of his sentence. However, the reach of § 2255's savings clause has not been extended to prisoners who challenge only their sentences. *See Poole*, 531 F.3d at 267 n.7 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Thus, to the extent Petitioner is attempting to invoke the savings clause embodied in § 2255, his claim is insufficient to do so. Accordingly, he is barred from proceeding with this habeas corpus action under § 2241.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

May 20, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).