IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIMOTHY WALKER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TRAVIS BRAGG, Warden, FCI )<br>Bennettsville, )<br>)<br>Respondent. )<br>_____ ) | Case No. 2:15-cv-01064-TLW |

**ORDER**

Petitioner Timothy Walker, an inmate at the Federal Correctional Institute in Bennettsville, South Carolina, filed this pro se habeas petition pursuant to 28 U.S.C. § 2241 on March 5, 2015. (Doc. #1). Petitioner set forth three grounds on which he believes that he is entitled to habeas relief: (1) the sentencing court did not adequately explain its findings pertaining to Petitioner's financial condition, ability to pay the mandated restitution, or projected future earnings in imposing a restitution requirement; (2) Petitioner's trial counsel was ineffective in failing to request that the sentencing court allow Petitioner to make nominal restitution payments and in failing to ask the court to offset the value of previously forfeited property against the restitution amount; and (3) Petitioner was entitled to offset the proceeds derived from previously forfeited property against the restitution amount. Id.

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Mary Gordon Baker, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss the petition without

1

prejudice and without requiring Respondent to file a return because Petitioner's arguments address the sentence as imposed and are thus not cognizable under § 2241.  (Doc. #8 at 3). Petitioner filed timely objections to the Report on June 10, 2015 (Doc. #12), and this matter is now ripe for disposition.

> In conducting this review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Petitioner's objections thereto in accordance with this standard.  Petitioner contends in his objections that Ground One of his petition challenges not the <u>imposition</u> of his sentence, as the Magistrate Judge concluded, but rather "the <u>implementation</u> of the restitution portion of his sentence."  (Doc. #12 at 2).  He cites to <u>United States v. Miller</u>, 77 F.3d 71 (4th Cir. 1996), which was not cited for the Magistrate Judge, and asserts for the first time that the Bureau of Prisons is unlawfully implementing his restitution requirement by setting the timing and amount of each payment.  <u>Id.</u> at 3.  He also relies on the Fourth Circuit's decision in <u>United States v. Corcho</u>, 60 F. App'x 479 (4th Cir. 2003), to support his contention that "[b]ecause Petitioner does not seek to be released from custody," his "only form of redress is through a petition for habeas corpus relief arising under 28

2

U.S.C. § 2241." Id. at 2. Corcho indicates that a challenge to the implementation of restitution can be raised pursuant to § 2241. See Corcho, 60 F. App'x at 480 ("We find that Corcho's motion only challenges the implementation of the fine portion of his sentence. Because he does not seek to be released from custody and it is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order, we construe his motion as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000)."); see also Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) ("Coleman asserts that the district court had improperly delegated its authority to set the amount and timing of his restitution payments to the BOP in violation of United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). Because this claim does not challenge the legality of Coleman's conviction or sentence, we find that it was properly brought as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000).").

The Magistrate Judge thoroughly analyzed Ground One as it was presented in the petition. However, in light of Petitioner's clarification of his claim in his objections and the Fourth Circuit's holdings in Corcho and Coleman, the Court finds that Petitioner properly brought his claim that the sentencing court improperly delegated its authority to determine the amount and timing of restitutionary installment payments pursuant to § 2241. The Court further finds that the Magistrate Judge has accurately summarized the case and the applicable law with respect to Grounds Two and Three of the petition, as those claims are not cognizable under § 2241.

Accordingly, the Court hereby **ADOPTS** the Report in part and **DISMISSES** Grounds Two and Three of the petition without prejudice and without requiring Respondent to file a return. (Doc. #8). Respondent is hereby **DIRECTED** to file a return with respect to Ground One of the petition, specifically addressing the contentions raised by Petitioner in his objections

to the Report. This matter is **REMANDED** to the Magistrate Judge for further evaluation of Ground One of the petition.

    **IT IS SO ORDERED.**


                                                    <u>*s/ Terry L. Wooten*</u>
                                                    Terry L. Wooten
                                                    Chief United States District Judge


June 22, 2015
Columbia, South Carolina

4